UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMAURI ENRIQUE LOPEZ CARDENTEY,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,

Respondent.

No.  1:26-cv-03379-DAD-SCR (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT

(Doc. Nos. 1, 2)

On May 4, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 2.)  On May 5, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cited cases that this court has decided.  (Doc. No. 5.)

On May 5, 2026, respondent filed an opposition to the motion for temporary restraining order.  (Doc. No. 6.)  In that opposition, respondent concedes that there are no material factual or legal differences between this case and the cases identified in the court's order.  (*Id.* at 1.)  Respondent argues in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)

1

(*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondent also states that respondent does not oppose resolving the underlying petition for writ of habeas corpus on the current briefing before the court. (Doc. No. 6 at 2.)

Based upon a review of the briefing, the court finds the following facts. In April 2022, petitioner entered the United States without inspection. (Doc. Nos. 1 at 6; 6-1 at 2.) On April 15, 2022, petitioner encountered immigration authorities, was detained by them, and subsequently released. (Doc. No. 6-1 at 2–3.) On April 5, 2026, petitioner was re-detained by immigration authorities. (Doc. No. 1 at 6.)

In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release. Respondent argues only that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), an argument which the court has already rejected. Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons above,

1.  Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.  Respondents are ORDERED to immediately release petitioner Amauri Enrique Lopez Cardentey, A-File No. 213-162-393, from respondent's custody on the conditions, if any, he was subject to prior to his re-detention on April 5, 2026;

    b.  Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that

/////

petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting his petition for habeas relief on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 6, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3